O

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 436582

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS DeJOHN, an individual; ALEX FRANEY, an individual; NEQUETTA M. THOMPSON, an individual; MYRIAM TURNER, an individual, | ) ) ) ) ) ) | Case No. CV 10-07107 DDP (Ex) **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| Plaintiffs, | ) ) | [Motion filed on 10/25/10] |
| v. | ) ) | |
| AT&T CORP., a New York corporation; AT&T, INC., a Delaware corporation; PACIFIC BELL DIRECTORY, a Missouri corporation; AT&T SERVICES, INC., a Delaware corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Presently before the court is Plaintiffs' Motion To Remand to state court. After reviewing the parties' moving papers and hearing argument, the court grants the motion and adopts the following order.

///

///

# I.   Background

Plaintiffs are Defendants' former employees.  (Complaint ¶ 4.)
Plaintiffs worked as Advertising Sales Representatives at various
locations in Los Angeles County.  (Id. ¶ 14; Declaration of Gregory
Halsey in Opposition to Plaintiffs' Motion to Remand ("Halsey
Dec.") ¶ 13.)  On April 26, 2010 Plaintiffs filed suit against
Defendants in the Los Angeles Superior Court seeking damages for
failure to pay wages, unfair business practices, and other wage and
hour violations.  (Cmplt. at 1.)  Plaintiffs' claims stemmed from
an alleged "chargeback policy," by which Defendants deprived
Plaintiffs of previously earned commissions and bonuses.  (Id. 4.)

While employed by Defendants, Plaintiffs were members of the
International Brotherhood of Electrical Workers, AFL-CIO Local
Union 2139 ("Union").  (Halsey Dec. ¶ 13.)  Plaintiffs' rights to
receive commission and bonus payments were governed by collective
bargaining agreements.  (Id.)  Plaintiffs' complaint did not
indicate that they were members of the Union or refer to any
collective bargaining agreement.

Defendants removed this matter to federal court on September
23, 2010.  Defendants argue that section 301 of the Labor
Management Relations Act, 29 U.S.C. § 185, preempts Plaintiffs'
state law claims, and that this court therefore has federal
question jurisdiction under 28 U.S.C. § 1331.  (Notice of Removal
at 2.)  Plaintiffs now move to remand the case back to state court.

# II.   Discussion

If a notice of removal is untimely, a plaintiff may move to
remand the case to state court.  Carvalho v. Equifax Info.
Services, LLC, 615 F.3d 1217, 1225 (9th Cir. 2010).  Under 28

1   U.S.C. § 1446, defendants have thirty days to file a notice of

2   removal.  The thirty-day period is only triggered, however if (1)

3   "the case stated by the initial pleading is removable on its face,"

4   or (2) defendant receives "'a copy of an amended pleading, motion,

5   order, or <u>other paper</u>' from which removability may first be

6   ascertained."  <u>Id</u>. at 1224-25 (emphasis added) (citing <u>Harris v.</u>

7   <u>Bankers Life & Cas. Co.</u>, 425 F.3d 689 (9th Cir. 2005).  "The

8   removal statute is strictly construed, and any doubt about the

9   right of removal requires resolution in favor of remand."  <u>Moore-</u>

10  <u>Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir.

11  2009).

12       Here, the parties agree that removability was not apparent on

13  face of Plaintiffs' complaint.  The parties dispute, however,

14  whether Defendants filed a notice of removal within thirty days of

15  receiving an "other paper" from which removability could be

16  ascertained.  In discovery responses served on August 24, 2010,

17  Plaintiffs unequivocally admitted that they were Union members, and

18  that they were covered by a collective bargaining agreement.

19  (Notice of Removal ¶ 7.)[1]  Defendants filed a notice of removal on

20  September 23, 2010, within thirty days of receiving Plaintiffs'

21  discovery responses.  Plaintiffs argue, however, that Defendants

22  could ascertain the removability of this matter from written

23  discovery requests served on August 3, 2010, three weeks prior to

24  Plaintiffs' discovery responses and fifty-one days before

25  Defendants filed a Notice of Removal.  (Motion for Remand at 4.)

26  _____

27       [1] Defendants contend that they did not receive complete
    discovery responses until August 26, 2010.  (Notice of Removal at 3

28  n.2.)  The two day difference (between August 24 and August 26)
    does not affect the timeliness analysis here.

3

1    The court must first determine whether Plaintiffs' written
2    discovery requests constitute an "other paper" under 28 U.S.C.
3    1446(b).  The court concludes that they do.  Courts in this
4    district have recognized that "other paper" is a broad term.  <u>See</u>
5    <u>Rice v. Equifax Info. Services, LLC</u>, 2010 WL 128369 *2 (C.D. Cal
6    2010).  Responses to requests for admissions, for example, clearly
7    constitute "other paper."  <u>Id.</u>; <u>see also</u> <u>Falahee v. Heide and Cook</u>
8    <u>Ltd.</u>, 2010 WL 3001918 *3 (D. Hawai'i 2010).  Depositions also
9    qualify as other paper.  <u>Riggs v. Continental Baking Co.</u>, 678
10   F.Supp. 236, 238 (N.D. Cal. 1988).  Indeed, courts in this circuit
11   have suggested that all "formal discovery," including "a
12   deposition, interrogatory, or request for admission" meets the
13   definition of "other paper."  <u>Lillard v. Joint Med. Products</u>, 1995
14   WL 20609 *3 (N.D. Cal. 1995).

15       Having determined that Defendants did receive an "other paper"
16   more than thirty days prior to removal, the court must determine
17   whether Defendants could have ascertained the removability of the
18   action from Plaintiff's discovery requests.

19       On August 3, Plaintiffs served Defendants with several
20   requests for admissions and demands for production of documents.
21   (Declaration of Benjamin Davidson in Support of Plaintiffs' Motion
22   to Remand ("Davidson Dec."), Exs. D-F.)  Plaintiffs requested,
23   among other things, that Defendants admit that Plaintiffs' rights
24   to commissions "did not arise from a collective bargaining
25   agreement between Pacific Bell Directory and International
26   Brotherhood of Electrical Workers, AFL-CIO Local Union 2139."
27   (<u>Id.</u>, Ex. D at 3.)  Plaintiffs also sought admissions that various
28   causes of action did not "require INTERPRETATION of a collective

1   bargaining, or any terms or provisions therein, between Pacific

2   Bell Directory and International Brotherhood of Electrical Workers,

3   AFL-CIO Local Union 2139." (<u>Id</u>. at 3-6.)  Plaintiffs also

4   requested that, if Defendants contended that interpretation of a

5   collective bargaining agreement was necessary, Defendants produce

6   "all COMMUNICATIONS between [Defendants] and the International

7   Brotherhood of Electrical Workers, AFL-CIO Local Union 2139 that

8   [Defendants] contend are RELATED TO the INTERPRETATION of any

9   contract term concerning 'commissions.'" (Davidson Dec., Ex. E at

10  11.)

11      Defendants explicitly acknowledge that removability of this

12  matter depends on the need for interpretation of a collective

13  bargaining agreement. (Opp'n at 12-18).  Contrary to Defendants'

14  arguments, however, Plaintiffs' August 24 discovery responses were

15  not the first indication that Plaintiffs belonged to the Union, or

16  that interpretation of a collective bargaining agreement might be

17  necessary.  Plaintiffs' August 3 discovery requests clearly

18  referred to the applicability of the collective bargaining

19  agreements, and were pregnant with information indicating the

20  removability of the action.  The court concludes that removability

21  of this matter was ascertainable from Plaintiffs' August 3, 2010

22  discovery requests.

23      Plaintiffs' written requests for admission and document

24  requests, served on August 3, 2010 constitute "other paper" under

25  28 U.S.C. ¶ 1446(b).  The removability of this matter was clearly

26  ascertainable from that "other paper."  Thus, the thirty-day

27  removal period began on August 3, 2010.  Defendants' Notice of

28

1  Removal, filed fifty-one days later on September 23, was therefore
2  untimely.
3  **III. Conclusion**
4       For the reasons set forth above, the court GRANTS the Motion
5  for Remand.  In addition, the SCHEDULING CONFERENCE set for January 10, 2011
6  is vacated.
7
8
   IT IS SO ORDERED.
9
10
11
12  Dated: January 3, 2011
13                                          DEAN D. PREGERSON
14
15                                       United States District Judge
16
17
18
19
20
21
22
23
24
25
26
27
28